# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MARK J. HARRISON,**

    **Plaintiff,**

    **v.**                                                               **CASE NO. 19-3183-SAC**

**ELIZABETH MCDUFFEE,**
**et al.,**

    **Defendants.**

## ORDER TO SHOW CAUSE

Plaintiff filed this action on July 26, 2019, in the District Court of Riley County, Kansas, as a "Petition Pursuant to K.S.A. Chapter 60." (Doc. 1–1, at 1.) Plaintiff alleges that attorney-client work product was not returned to him as prescribed by K.S.A. § 60-226(b)(7)(B). *Id*. The matter was removed to this Court on September 19, 2019, pursuant to 28 U.S.C. §§ 1441 and 1446, and D. Kan. Rule 81.1.

On November 19, 2019, the Court entered an Order to Show Cause (Doc. 7), granting Plaintiff until December 13, 2019, in which to clarify whether or not he is asserting a federal constitutional violation under the Fourth and Fourteenth Amendments. The Court noted that although Plaintiff uses the terminology "search" and "seizure," it is not clear from the Petition that he is asserting a claim for violation of the Fourth and Fourteenth Amendments to the Constitution. The Court must construe pro se filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*.

Plaintiff has failed to respond to the Court's Order to Show Cause at Doc. 7 within the allowed time. Plaintiff is ordered to show good cause why this matter should not be dismissed

for failure to prosecute, or why it should not be remanded back to state court for failure to state a federal constitutional violation. If Plaintiff fails to respond, this matter may be dismissed for failure to prosecute. Defendants are also given an opportunity to respond regarding whether dismissal or remand is appropriate under the circumstances.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 17, 2020,** in which show good cause why this matter should not be dismissed for failure to prosecute, or why it should not be remanded back to state court for failure to state a federal constitutional violation. If Plaintiff fails to respond, this matter may be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that Defendants shall have the opportunity to file a response on or before **January 17, 2020**, regarding whether dismissal or remand is appropriate under the circumstances.

**IT IS SO ORDERED.**

**Dated December 23, 2019, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**