# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK J. HARRISON,

      **Plaintiff,**

      v.                          CASE NO.  19-3183-SAC

ELIZABETH MCDUFFEE,
et al.,

      **Defendants.**

## ORDER

Plaintiff filed this action on July 26, 2019, in the District Court of Riley County, Kansas, as a "Petition Pursuant to K.S.A. Chapter 60." (Doc. 1–1, at 1.) Plaintiff alleges that attorney-client work product was not returned to him as prescribed by K.S.A. § 60-226(b)(7)(B). *Id.* The matter was removed to this Court on September 19, 2019, pursuant to 28 U.S.C. §§ 1441 and 1446, and D. Kan. Rule 81.1.

On November 19, 2019, the Court entered an Order to Show Cause (Doc. 7), granting Plaintiff until December 13, 2019, in which to clarify whether or not he is asserting a federal constitutional violation under the Fourth and Fourteenth Amendments. The Court noted that although Plaintiff uses the terminology "search" and "seizure," it is not clear from the Petition that he is asserting a claim for violation of the Fourth and Fourteenth Amendments to the Constitution. The Court must construe pro se filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*.

Plaintiff failed to respond to the Court's Order to Show Cause at Doc. 7 within the allowed time. Therefore, the Court entered another Order to Show Cause (Doc. 8) on

December 23, 2019 ("OSC"), granting Plaintiff until January 17, 2020, in which show good cause why this matter should not be dismissed for failure to prosecute, or why it should not be remanded back to state court for failure to state a federal constitutional violation. The OSC provided that "[i]f Plaintiff fails to respond, this matter may be dismissed for failure to prosecute." (Doc. 8, at 2.) The OSC also gave Defendants an opportunity to respond regarding whether dismissal or remand is appropriate under the circumstances.

Plaintiff has once again failed to respond to the Court's OSC by the deadline. Defendants have filed a Response (Doc. 9), asking the Court to dismiss this case with prejudice. Plaintiff has not responded to Defendants' Response. In fact, Plaintiff has done nothing regarding this case while it has been pending before the Court.

Courts consider five factors when determining whether dismissal with prejudice under Rule 41(b) is proper: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (citations omitted) (referring to factors as the "*Ehrenhaus* factors").

Defendants have expended time and money in this case, and the Court has expended judicial resources, while Plaintiff has elected to ignore the case that he initiated. Plaintiff has failed to respond to two show cause orders in this case. The Court's OSC warned Plaintiff that failure to respond may result in dismissal of this case for failure to prosecute. The Court realizes that dismissal with prejudice is a severe sanction, but nonetheless believes that no other sanction will be effective. Plaintiff has repeatedly ignored the Court's orders to show cause. Considering

the *Ehrenhaus* factors, the Court is convinced that dismissal with prejudice under Fed. R. Civ. P. 41(b) is appropriate. *See Gross v. General Motors Corp.*, 252 F.R.D. 693, 698 (D. Kan. 2008) (stating that dismissal with prejudice serves a couple of purposes—"[i]t penalizes the party whose conduct warrants the sanction and discourages 'those who might be tempted to such conduct in the absence of such a deterrent'") (citations omitted).

    **IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed with prejudice.**

    **IT IS SO ORDERED.**

    **Dated January 29, 2020, in Topeka, Kansas.**

**<u>s/ Sam A. Crow</u>**
**SAM A. CROW**
**U. S. Senior District Judge**
